UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20489-CIV-KING/MCALILEY

JAMES A. BACON,

    Plaintiff,

v.

STIEFEL LABORATORIES, INC.,
a Delaware corporation, CHARLES W. STIEFEL,
BRENT D. STIEFEL, TODO STIEFEL,
STEPHEN KARASICK, MICHAEL CORNELIUS,
and MATT S. PATTULLO,

    Defendants.

_____/

## **OPINION RULING ON DEFENDANTS' OMNIBUS MOTION *IN LIMINE*[1]**

Defendants' Omnibus Motion *in Limine* seeking exclusion of the introduction by Plaintiff of evidence concerning (a) the SEC lawsuit, (b) purported settlement discussions between the parties, and (c) Defendants' "strategic planning" is a classic example of an attempt to get pretrial rulings on basically evidentiary matters which may, or may not, ever arise during the trial, and the admissibility of which will depend entirely upon the manner in which it arises during the trial and the manner in which it is presented. These are not matters *in limine*. The criteria for a Court decision to exclude evidence (*in limine*) must be based upon whether or not the factual evidence sought to be excluded is clearly inadmissible on any possible ground.

---

[1] Plaintiff responded to this Motion on April 23, 2013 (D.E. #118).

With respect to the objection to reference to the SEC lawsuit, it may be clearly relevant as rebuttal evidence. Plaintiff states in its responsive memorandum of April 23, 2013 (D.E. #118) that it will only offer that evidence as rebuttal. For the Court to exclude this as clearly inadmissible on any possible ground would be improper at this time.

It is so clear, that settlement-related discussions between the parties are inadmissible at trial, that it is an exercise in futility for counsel to seek an *in limine* order directing lawyers not to do what they already know they cannot do. A simple objection, should anybody attempt to bring in settlement discussions at the trial before the jury, would be sustainable and could be easily dealt with during the trial. Plaintiff's response (D.E. #118) clearly recognizes this principal, where Plaintiffs state they have no intention of introducing such evidence.

*In limine* consideration of arguments and evidence relating to the Defendants' "strategic planning and strategic planning documents" is equally misplaced. One need look no further than Defendants' memorandum (pp. 6-10 - D.E. #84) to quickly discern that the complexities of even describing this issue to the Court <u>pretrial</u> renders it not a matter which should be considered *in limine*. Experienced trial counsel, and certainly the Court, can envision perhaps a half a dozen ways in which these matters might be relevant during the trial presentation of evidence. Counsel will have the full opportunity to make whatever objection they wish to make - materiality, relevancy, work product, etc. - if, and when, the evidence is sought to be presented. At that juncture (the trial), the predicate for

the introduction of the evidence either will, or will not, have been properly laid and its relevance materiality, etc. will be clearly apparent to all the parties. Attempting to get this matter resolved on an *in limine* basis is simply to attempt to induce the Court to engage in speculative conjecture as to how the matter will arise, and to weigh and resolve admissibility of factual disputes more appropriately left to the trial. It is therefore,

ORDERED, ADJUDGED and DECREED that the Defendants' Omnibus Motion in Limine **(D.E. #84)** filed March 27, 2013 be, and the same is hereby **DENIED**.

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 2nd day of May, 2013.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: **Counsel for Plaintiff:**
Norman S. Segall, Esq.
Sundeep K. Mullick, Esq.
SEGALL GORDICH, P.A.
801 Brickell Avenue
9th Floor
Miami, FL 33131

Aaron S. Podhurst, Esq.
Peter Prieto, Esq.
Matthew Weinshall, Esq.
PODHURST ORSECK, P.A.
25 West Flagler Street
Suite 800
Miami, FL 33130

***Counsel for Defendant:***
David A. Coulson, Esq.
Lindsey Camp Edelmann, Esq.
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue
Miami, FL 33131