# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 11-20489-CIV-KING/McAliley

JAMES A. BACON,

     Plaintiff,

v.

STIEFEL LABORATORIES, INC.,
a Delaware corporation, *et al.*,

     Defendants.

_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTIONS FOR ATTORNEYS' FEES AND COSTS

THIS CAUSE comes before the Court upon Plaintiff's Motion for Attorneys' Fees and Supporting Memorandum of Law (DE 183) and Plaintiff's Amended Motion for Taxation of Costs and Incorporated Memorandum of Law (DE 174). The Court is fully briefed on the matter.[1]  Upon review of the record and after careful consideration, the Court concludes that Plaintiff's Motion for Attorneys' Fees should be granted in part and that Plaintiff's Motion for Costs should be granted in part.

---

[1] With respect to Plaintiff's motion for fees, the Court has considered Defendants' Response in Opposition (DE 189) and Plaintiff's Reply (DE 192). With respect to Plaintiff's motion for costs, the Court has considered Defendants' Response in Opposition (DE 179) and Plaintiff's Reply (DE 188).

## BACKGROUND

Plaintiff James Bacon ("Bacon") filed the instant motions for attorneys' fees and costs pursuant to a Final Judgment in his favor. Bacon is a former employee of Defendant Stiefel Laboratories, Inc. ("SLI"), and was a former participant in the Employee Stock Bonus Plan ("ESBP"). Bacon originally served as a named plaintiff in a putative class action filed July 6, 2009, on behalf of former participants in the ESBP. *Bacon v. Stiefel Labs., Inc.*, No. 09-21871-CIV-KING. Bacon, the plaintiffs in the putative class action, nd plaintiffs in a series of other related cases, alleged that SLI and its executives manipulated ownership of employee stock in the privately held company in violation of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, and the Securities and Exchange Act of 1934, 15 U.S.C. §§ 78j, 78t. These plaintiffs alleged that the defendants misrepresented the status of SLI to improperly profit from its eventual sale to GlaxosmithKline, which sale had not been disclosed to ESBP participants.[2]

Bacon's employment was terminated on December 8, 2008, by which time he had accumulated 25.386449 shares of SLI common stock in his ESBP account. Under the terms of the ESBP, Plaintiff was entitled to put (sell) his shares to SLI, and SLI had a duty to buy them. Plaintiff took steps to initiate this process, and alleged in the class action that he put his shares to SLI. In fact, SLI purchased Plaintiff's shares at $16,469.00

---

[2] The class allegations of stock manipulation are summarized in *Bacon v. Stiefel Labs., Inc.*, 677 F. Supp. 2d 1331, 1336–37 (S.D. Fla. 2010).

per share, sending $83,617.88 in cash to Plaintiff and a promissory note for $334,471.53 to his Fidelity retirement account.

However, Plaintiff never received, nor signed and returned to SLI, a distribution of stock certificates; nor did SLI possess the forms that Plaintiff was required to submit in order to exercise his put right under the ESBP. Upon discovering this, Plaintiff withdrew from the class action and filed the instant action on February 11, 2011. Here he alleged— on the alternative theories that he did and did not exercise his put right—that he was entitled to be compensated for his shares at the same rate as those who held shares when the merger with GlaxosmithKline closed.

A critical issue in this case became whether Plaintiff put his shares to SLI under the terms of the ESBP. Plaintiff and Defendants stipulated in June 2011 to stay the action and to exhaust Plaintiff's administrative remedies under ERISA. Through an agreed-upon "Modified Process," the parties submitted a single question to the GlaxosmithKline benefits committee: "whether Bacon exercised his right, in or about January 2009, to put his 25.386449 shares of SLI common stock that he received as a distribution from the ESBP to SLI." The committee, through Michelle Killian, vice president of U.S. benefits for GlaxosmithKline, determined that Bacon had exercised his put right despite "the lack of availability of an actual put right form executed by Mr. Bacon," as required by the ESBP.

After Ms. Killian's decision, the Court dissolved the stay (DE 23). Plaintiff filed the Second Amended Complaint (DE 31) on October 17, 2011, adding Count VI, in

which he sought a declaration that he never put his shares to SLI. Plaintiff moved for summary judgment on that count, which the Court granted on June 19, 2013 (DE 155). In its Opinion and Order Granting Summary Judgment for Plaintiff on Count VI, the Court held that the Plan Administrator's decision that Plaintiff had put his shares to SLI was arbitrary and capricious. A plan participant's intention to exercise his put right could not be realized under the ESBP until he followed certain prescribed steps (DE 155, p.9), and because there was no conflicting evidence that Plaintiff did not follow those steps, Plaintiff was entitled to a judgment as a matter of law.

Summary Judgment on Count VI mooted Plaintiff's remaining claims because it afforded him complete relief—compensation for his shares at the same rate as those who held shares when the merger with GlaxosmithKline closed. On August 13, 2013, the Court issued Final Judgment (DE 166), in which the Court rescinded Plaintiff's sale of 25 shares to SLI; ordered Defendants to "pay Plaintiff $1,375,402.50, in addition to any amounts equal to 25 times the per share distributions that are paid in the future to those who held shares when the merger occurred, to return Plaintiff to the position of being an SLI stockholder"; and ordered Defendants to pay Plaintiff $322,292.78 plus $219.50 per day from July 20, 2013, to the date of the Final Judgment in prejudgment interest (DE 166, p.3). Defendants have appealed that decision.

Plaintiff's motions for attorneys' fees and costs followed. Plaintiff initially moved for an award of $648,888.00 in attorneys' fees (DE 183, p.11) and $17,089.77 in costs (DE 174, p.8). In reply to Defendants' responses in opposition, Plaintiff withdrew

$48,163.75 in requested fees and $2,412.50 in requested costs. Plaintiff submitted revised requests for fees and costs, and now seeks $600,724.25 in attorneys' fees and $14,677.27 in costs.

## PLAINTIFF IS ELIGIBLE FOR ATTORNEYS' FEES AND COSTS

In this suit arising under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Supreme Court case of *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010),[3] prescribes the standard by which the Court must exercise its discretion under § 1132(g)(1): "a court 'in its discretion' may award fees and costs 'to either party' as long as the fee claimant has achieved 'some degree of success on the merits.'" *Id.* at 245 (internal citation omitted) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)).[4] Whether a claimant achieves "some degree of success on the merits" is determined by the following standards:

> A claimant does not satisfy that requirement by achieving "trivial success on the merits" or a "purely procedural victor[y]," but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a "lengthy inquir[y] into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'"

*Id.* at 255 (alterations in original) (quoting *Ruckelshaus*, 463 U.S. at 688, n.9).

---

[3] The Court notes that only Plaintiff cites this case, and neither party discusses it.

[4] In announcing this standard, the Supreme Court clarified that "a fee claimant need not be a 'prevailing party' to be eligible for an attorney's fees award under § 1132(g)(1)." *Id.* at 252.

Prior to *Hardt*, courts in the Eleventh Circuit considered five factors when deciding the issue of eligibility for attorneys' fees and costs under § 1132(g)(1):

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; (5) the relative merits of the parties' positions.

*Freeman v. Cont'l Ins. Co.*, 996 F.2d 1116, 1119 (11th Cir. 1993). The *Hardt* Court concluded that the five-factor test (used also by the Fourth Circuit in *Hardt*) was "not required for channeling a court's discretion when awarding fees under this section." *Hardt*, 560 U.S. at 255. Yet the five-factor test still *may* be used. The Supreme Court expressly did not "foreclose the possibility that once a claimant has satisfied this requirement, and thus becomes eligible for a fees award under § 1132(g)(1), a court may consider the five factors adopted by the Court of Appeals . . . in deciding whether to award attorney's fees." *Id.* at 255, n.8; *see Cross v. Quality Mgmt. Group, LLC*, 491 Fed. Appx. 53, 56 (11th Cir. 2012) (unpublished) (affirming the district court's "secondary use of the five-factor test").

In this case, Plaintiff achieved some degree of success on the merits and is therefore eligible for an award of reasonable attorneys' fees and costs under 29 U.S.C. § 1132(g)(1). Plaintiff in this case achieved the complete relief he sought in this action. The Court's Opinion and Order Granting Summary Judgment for Plaintiff on count VI (DE 155) mooted Plaintiff's remaining claims because the resulting Final Judgment (DE

6

166) awarded Plaintiff the full relief he sought—to have his sale of stock to SLI rescinded and "to be compensated for his shares at the same price as has been, and will be paid to those who held SLI shares when SLI's merger with an affiliate of GSK [GlaxosmithKline] closed in August 2009" (DE 166, p.3).

Under these circumstances, "the court can fairly call the outcome of the litigation some success on the merits without conducting a 'lengthy inquir[y] into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'" *Hardt*, 560 U.S. at 255 (alterations in original) (quoting *Ruckelshaus*, 463 U.S. at 688, n.9). The Plaintiff achieving everything he wanted qualifies as "some degree of success on the merits." It is not necessary or useful to go further by applying the five-factor test in this case. Upon this determination of eligibility, the Court hereby exercises its discretion to award Plaintiff reasonable attorneys' fees and costs, as set forth below.

### REASONABLE AMOUNT OF ATTORNEYS' FEES TO BE AWARDED

To determine a reasonable award of attorneys' fees, the Eleventh Circuit has adopted the lodestar method, under which the Court must multiply the reasonable hourly rate by the number of hours reasonably expended on the litigation. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988).

### I.    Reasonableness of the Hourly Rate:

The first step in the computation of the lodestar is to determine the reasonable hourly rate, defined as "'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'"

*Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299). With respect to the reasonableness of hourly rates, the Court "'is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Defendants in this case do not contest the reasonableness of the hourly rates claimed for Plaintiff's attorneys, law clerks, or paralegal. Having considered Plaintiff's revised submissions and supporting exhibits and affidavits, counsels' reputation and experience in the areas of the applicable law, and the Court's familiarly with attorneys and related fees in the Southern District of Florida, the Court concludes that the hourly rates claimed by Plaintiff in this litigation are reasonable, with the exception of the hourly rates claimed for certain law clerks at Podhurst Orseck, P.A.

Plaintiff has provided no record justification for the hourly rate of $250.00 for law clerks Zach Knoblock, Alejandro Miyar, or Robert Visca.[5] The Court concludes that $160.00 per hour is a reasonable rate to award for the time incurred by law clerks Zach Knoblock, Alejandro Miyar, and Robert Visca. As reduced, Plaintiff's fees award for those three individuals will be as follows:

---

[5] Plaintiff has explained that Jeffrey Donner, though billed as a law clerk, is a licensed attorney who was admitted to the Florida Bar in 1999. Therefore, the Court will not disturb Mr. Donner's hourly rate of $295.00.

| Law Clerks | Hours | Rate | Amount |
|---|---|---|---|
| Robert Visca | 20 | $160.00 | $3,200.00 |
| Alejandro Miyar | 41 | $160.00 | $6,560.00 |
| Zach Knoblock | 10.5 | $160.00 | $1,680.00 |

## II.    Reasonableness of the Hours Expended:

"The next step in the computation of the lodestar is the ascertainment of reasonable hours." *Norman*, 836 F.2d at 1301. Fee claimants must exercise billing judgment. *Id*. If they do not,

> courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.

*A.C.L.U. of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). "As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents." *Norman*, 836 F.2d at 1301.

### A. Plaintiff's Award of Fees Is Not Limited to Fees Expended on Count VI

Defendants' principal argument against Plaintiff's fees request is that, if Plaintiff is entitled to fees, then Plaintiff should be awarded only those fees that were reasonably expended in pursuit of Plaintiff's Count VI—the count on which Plaintiff was awarded summary judgment. In supporting and refuting this argument, Plaintiff and Defendants

9

discuss *Hensley v. Eckerhart*, 461 U.S. 424 (1983), and other cases concerning attorneys'
fees awards to parties who prevail on only one or some of their claims.

In *Hensley v. Eckerhart*, the Supreme Court considered whether to award
attorneys' fees under 42 U.S.C. § 1988. Under that statute, a "prevailing party" is entitled
to an award of attorneys' fees. *Hensley*, 461 U.S. at 433. The principles announced in that
case and its progeny, concerning the reasonableness of attorneys' fees awards to parties
who prevail on one or some claims, but who are unsuccessful on others, are governed by
the "prevailing party" statutory limitation. *See id.* at 435 ("The congressional intent to
limit awards to prevailing parties requires that these unrelated claims be treated as if they
had been raised in separate lawsuits, and therefore no fee may be awarded for services on
the unsuccessful claim."); *id.* at 434 (the "results obtained" factor considered in
determining the reasonableness of a fee "is particularly crucial where a plaintiff is
deemed 'prevailing' even though he succeeded on only some of his claims for relief.").

The applicability of *Hensley* and its progeny to attorneys' fees awards under
§ 1132(g)(1) is limited. In *Hardt*, the Supreme Court concluded that the "'prevailing
party' precedents . . . do not govern the availability of fees awards under § 1132(g)(1)
because this provision does not limit the availability of attorney's fees to the 'prevailing
party.'" *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010). Accordingly,
to the extent *Hensley* and its progeny find their *ratio decidendi* in "prevailing party"
statutory limitations, they "do not govern the availability of fees awards under
§ 1132(g)(1)." *Id. Hardt* makes clear that, in awarding fees and costs under § 1132(g)(1),

10

the Court undertakes no analysis of whether the fee claimant "prevailed," as that term is used in "prevailing party" fee-shifting statutes.

Nevertheless, in determining the reasonableness of the requested fees, this Court considers "the amount involved and the results obtained"—along with the rest of the factors found in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Hensley* is also grounded in those standard considerations of reasonableness, wherefore it clarified that "the level of a plaintiff's success is relevant to the amount of fees to be awarded." *Hensley*, 461 U.S. at 430. This Court abides by that admonition.

Here Plaintiff obtained excellent results, and his attorneys should recover a fully compensatory fee. *See id.* at 435. As previously discussed, Plaintiff achieved a complete success. In his many Counts, Plaintiff sought to vindicate the same injury through the same relief—to be compensated for his shares at the same rate as those who held shares when the merger with GlaxosmithKline closed. Whether or not Plaintiff exercised his put right under the ESBP was a zealously disputed issue that necessitated alternative pleading. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Id.* That principle is instructive here, where the Court did not reach Plaintiff's remaining counts only because they were mooted by the complete success Plaintiff achieved on summary judgment for Count VI. *See id.* at 436 ("the most critical factor is the degree of success obtained").

11

Plaintiff's related, alternative legal theories were based on a common core of facts and sought the same desired outcome. Plaintiff's complete success justifies an award of fees expended in pursuit of his entire case, except as ordered herein. *Compare Fornell v. Morgan Keegan & Co., Inc.*, No. 6:12-cv-38-Orl-28TBS, 2013 WL 656321, at *7 (M.D. Fla. Jan. 11, 2013) (ERISA fee claimant awarded fees in pursuit of all aspects of the litigation, where claimant succeeded on four of six legal theories based on a single injury and achieved excellent results), *adopted by* 2013 WL 656457 (Feb. 22, 2013), *with Brooks v. Peer Review Mediation & Arbitration, Inc.*, No. 11-61630-CIV, 2012 WL 5410405, at *4 (S.D. Fla. Nov. 6, 2012) (reducing an ERISA fee claimant's requested fees by 25% for time expended litigating a separate FLSA claim).

## B. Plaintiff May Not Recover Fees Expended on Administrative Proceedings

In the Eleventh Circuit, "§ 1132(g)(1) does not authorize awards for work done in pre-litigation administrative proceedings." *Kahane v. UNUM Life Ins. Co. of Am.*, 563 F.3d 1210, 1215 (11th Cir. 2009). *Kahane* controls this issue. In that case, Kahane filed a claim for disability benefits under a long term disability policy issued by UNUM. *Id.* at 1212. In response, UNUM determined that Kahane was disabled, but limited benefits to 24 months of payments. *Id.* Kahane unsuccessfully appealed UNUM's decision through UNUM's internal appeals process. *Id.* She then filed a complaint in the Southern District of Florida against UNUM, alleging that UNUM wrongfully limited the term of disability benefits due to her. *Id.* After Kahane filed her complaint, she and UNUM agreed to have her claim revisited in a voluntary claim reassessment process. *Id.* The district court stayed

12

the litigation pending completion of the claims reassessment process, through which the parties resolved all of Kahane's claims except her claim for attorneys' fees and costs under § 1132(g)(1). *Id.* at 1212–13.

Magistrate Judge Edwin G. Torres initially considered Kahane's motion. He "recommended that Kahane receive fees and costs for the work done in the litigation (prior to the stay) but found that Kahane should not recover fees and costs for the work done in the claim reassessment process (during the stay)." *Id.* at 1213. Judge Torres "also recommended awarding fees and costs for preparation of the motion seeking fees and costs (after the stay was lifted) . . . ." *Id.* The district court adopted Judge Torres's Report and Recommendation and entered judgment for Kahane. *Id.* The Eleventh Circuit affirmed. It concluded that the claims reassessment process "is not significantly different than the pre-litigation administrative procedures required by ERISA"; and because § 1132(g)(1) does not authorize awards for work done in pre-litigation administrative proceedings, Kahane could not recover fees expended in the claims reassessment process. *Id.* at 1215.

In this case, just as in *Kahane*, the parties stipulated to an administrative process (which they termed the "Modified Process") after Plaintiff filed his Complaint. This Court follows *Kahane*: Plaintiff should recover attorneys' fees and costs expended on litigation prior to and subsequent to the Modified Process, but should not recover fees expended on the Modified Process. Plaintiff's attempt to distinguish *Kahane* is

13

unavailing.[6] It is not necessary to determine whether the Modified Process is significantly different than the pre-litigation administrative procedures required by ERISA. In light of *Kahane*, and in light of Plaintiff's stipulation made in connection with the Modified Process,[7] this Court exercises its discretion to deny Plaintiff those fees. Upon reviewing Plaintiff's revised fees submission, the Court calculates the attorneys' fees expended on the Modified Process to be 8.73 hours/$3,928.50.[8] That amount will be deducted from Plaintiff's fees award.

### C. Defendants' Remaining Arguments as to Attorneys' Fees

The bulk of Defendants' objections to Plaintiff's claimed fees are defeated by this Court's conclusion that Plaintiff is not limited to fees incurred in connection with Count VI. In reply to Defendants' remaining objections, Plaintiff has withdrawn some claimed fees, and has sought to justify others.

### 1. Fees Expended on Other Litigation

In Exhibit 3 to Defendant's Response in Opposition to Plaintiff's Motion for Attorneys' Fees, Defendants identify various entries on Plaintiff's revised fees

---

[6] His citation to *Kahane* (contrary authority) is both expected and commendable.

[7] *See* (DE 89-41, p.3) ("Bacon represents, warrants, and agrees that the Modified Process complies with the ESBP; the Merged Plan; ERISA; all regulations promulgated under ERISA, including but not limited to those codified at 29 C.F.R. § 2560.503-1, *et seq.*; and all other agreements, plans, summary plan descriptions, statutes, rulings, and regulations.")

[8] This amount is reflected in time entries (all incurred by timekeeper Norman Segall at a rate of $450.00 per hour) from the following dates, as listed in DE 192-2: 5/9/2011; 5/12/2011; 5/27/2011; 5/31/2011; 6/11/2011; 6/16/2011; 6/17/2011; 6/21/2011; 7/6/2011; 7/7/2011; 7/8/2011; and 7/28/2011. The amount includes certain time entries that were unclear as to whether they related to the Modified Process.

14

submissions that Defendants argue relate to other litigation. In reply, Plaintiff concedes that certain entries relate to other cases, and has withdrawn them (DE 192-4). Plaintiff has provided the Court with satisfactory explanations for how certain other objected-to entries in fact relate to this case (DE 192, p.7), and the Court accordingly awards to Plaintiff the non-withdrawn fees reflected in Exhibit D to Plaintiff's Reply (DE 192-4). However, in addition to the fees that Plaintiff has withdrawn, the Court will deny to Plaintiff 4.5 hours/$900.00 reflected in inseparable block entries from 6/22/12 and 11/1/12 that contain work relating to all cases. (DE 192-1, p.5, 15)

### 2. Fees Expended on Plaintiff's Prohibited Transaction Claim, Jeffrey Hooke, and Jeff Rosencranz

Defendants also challenge entries identified in Exhibit 4 to Defendants' Response (DE 189-4) that relate to Plaintiff's prohibited transaction claim, Jeffrey Hooke, and Jeff Rozencranz. In reply, Plaintiff has withdrawn the 30.60 hours/$19,677.50 in fees identified in Defendant's Exhibit 4, as well as entries relating to Mr. Hooke and Mr. Rosencranz (DE 192, p.8, n.5). In accordance with Plaintiff's withdrawal, the Court deducts an additional 6.5 hours/$1,300.00, reflected in an inseparable block entry from 10/18/12 that includes work relating to Mr. Hooke (DE 192-1, p.12).

### 3. Fees Expended on Clerical, Non-Legal Work

Defendants challenge certain entries relating to clerical, non-legal work, identified in Exhibit 5 to Defendants' Response in Opposition (DE 189-5). In reply, Plaintiff concedes that certain entries reflect non-legal, clerical work, and has withdrawn them

(DE 192-5). Plaintiff has also withdrawn entries for work performed by Nina Dagher and Mary Valledor (DE 192, p.9, n.6). In addition to the fees that Plaintiff has withdrawn, the Court has carefully reviewed Defendants' Exhibit 5, as amended by Plaintiff's Exhibit E, and will deny to Plaintiff 67 hours/$15,910.00 reflected in entries that constitute non-compensable fees (or that constitute inseparable block entries containing non-compensable fees), such as scheduling depositions, organizing documents, printing, scanning, and updating.[9] *See For Play Ltd. v. Bow to Stern Maint., Inc.*, 05-22002-CIV-KING, 2006 WL 3662339, at *7 (S.D. Fla. Nov. 6, 2006) ("Plaintiff is not entitled to any reimbursement for clerical or secretarial tasks that Plaintiff's counsel performed.").

### 4. Billing Judgment: Redundant, Inefficient, or Unnecessary Work

Defendants request a 25% across-the-board reduction of any fees award to Plaintiff based on redundancies, inefficiencies, unnecessary work, and block billing. With two exceptions listed below, the Court does not find cause to disturb the revised fees requested by Plaintiffs as redundant, inefficient, or unnecessary. This litigation was complex and protracted. Representing both sides were well-respected firms and highly experienced attorneys, whose zealous advocacy matched the high numbers and important interests at stake. These attorneys' substantial efforts resulted in an over $1.5 million

---

[9] Of the non-compensable fees described in this subsection, a total of 64.5 hours/$14,425.00 were incurred by Podhurst Orseck, P.A., reflected in the following time entries, as listed in DE 192-5: 6/28/2012; 8/30/2012; 9/11/2012; 9/24/2012; 10/9/2012; 10/11/2012; 10/12/2012; 10/15/2012 (MML); 10/16/2012 (MML); 10/25/2012; 10/29/2012; 10/30/2012; 10/31/2012; 11/2/2012; 12/13/2012; and 6/5/2013. A total of 2.5 hours /$1,485.00 were incurred by Segall Gordich, P.A., reflected in the following time entries, as listed in DE 192-5: 1/22/2013; 6/25/2013 (both entries); and 8/28/2013.

judgment for the Plaintiff. Upon exercising independent judgment when carefully reviewing Plaintiff's claim for hours reasonably expended, *Norman*, 836 F.2d at 1303, this Court has found no cause in this litigation, except as detailed in this Order, to substitute its own judgment for that of the competent attorneys as to how much time they should have expended, or how many lawyers they should have used. The Court's attitude in this respect would be no different had the Defendants prevailed.

Defendants have, however, identified an excessive amount of time expended by Plaintiff's counsel in researching the deadline for filing a motion for attorneys' fees. The Court has reviewed Plaintiff's revised fees submission, and calculates the amount of fees expended on this discrete issue to be 11.5 hours/$3,392.50.[10] This is excessive amount of time to have expended researching the deadline for filing a motion for attorneys' fees.[11] Therefore, the Court reduces Plaintiff's fees award by 10.5 hours/$3,097.50, reflecting a reduction to one hour/$295.00 (at timekeeper Jeffrey Donner's hourly rate) as fees reasonably expended on this discrete issue.

Finally, Defendants allege and Plaintiff acknowledges that Plaintiff's fees request reflects some block billing. Upon a careful review of Plaintiff's revised time sheets, the Court agrees that, in some instances, Plaintiff's revised fees request reflects block billing, "making it difficult to ascertain how much time was spent on each task." *Dial HD, Inc. v.*

---

[10] The Court identifies entries from the following dates that relate to this issue, as reflected in DE 192-1, p.24–25: 7/8/2013; 7/9/2013; 7/10/2013; and 7/11/2013.

[11] *See* S.D. Fla. L.R. 7.3(a)(1) ("The motion [for attorneys' fees] shall . . . be filed within sixty (60) days of the entry of the final judgment or order giving rise to the claim . . . .").

*ClearOne Commc'ns*, 536 Fed. Appx. 927, 931 (11th Cir. 2013) (unpublished). But Plaintiff's revised fees requests are not accompanied by such excessive billing or lack of billing judgment that might warrant Defendants' requested across-the-board reduction of 25%. The Court has already withheld entire block entries from Plaintiff's fees award where they contain, albeit not in their entirety, fees expended on withdrawn subject matter or clerical work. Furthermore, the Court finds that noteworthy instances of block billing occur in the time sheets for Podhurst Orseck, P.A., but not in the timesheets for Segall Gordich, P.A. Accordingly, the Court will apply an across-the-board reduction of two percent (2%) to the amount of Plaintiff's fees award that is apportioned to Podhurst Orseck, P.A. The two-percent deduction will be applied after all other deductions outlined above are made. *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) ("once the district court determines how many hours were actually devoted to the conduct of the federal litigation, it may then reduce that figure in gross if a review of the resubmitted fee request warrants such a reduction").

## PLAINTIFF'S AWARD OF COSTS

The Court has already decided that Plaintiff is eligible for an award of costs under 29 U.S.C. § 1132(g)(1), and that Plaintiff's award is not limited to those costs incurred in connection with Count VI. Two issues remain as to costs.

First, Defendants object to $1,143.55 in costs associated with Plaintiff's prohibited transaction claim—namely those costs associated with Steven Fischer's deposition. (*See* DE 174-2, p.2; DE 82-1). Defendants also object to $1,569.30 in costs associated with

18

Jeff Rosencranz. (DE 179, p.7). In the face of similar objections made as to attorneys'

fees, Plaintiff withdrew his requests for fees associated with his prohibited transaction

claim and Mr. Rosencranz, albeit "without conceding that they are in fact unrecoverable."

(DE 192, p.8). Plaintiff does not make a similar withdrawal as to costs, and he need not

do so.[12] For the same reasons that Plaintiff is not limited to attorneys' fees expended on

Count VI as set forth above, Plaintiff is not precluded, under § 1132(g)(1), from

recovering the objected-to costs associated with Mr. Fischer and Mr. Rosencranz.

Additionally, Plaintiff is entitled to those costs under Federal Rule of Civil Procedure

54(d) as a "prevailing party." The Eleventh circuit has defined "prevailing party" under

Rule 54(d) as follows:

> [a] party need not prevail on all issues to justify a full award of costs,
> however. Usually the litigant in whose favor judgment is rendered is the
> prevailing party for purposes of rule 54(d).... A party who has obtained
> some relief usually will be regarded as the prevailing party even though he
> has not sustained all his claims.... 10 Wright & Miller, *supra*, § 2667,
> p. 129–130. Cases from this and other circuits consistently support shifting
> costs if the prevailing party obtains judgment on even a fraction of the
> claims advanced.

*Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (alterations in original) (quoting

*United States v. Mitchell*, 580 F.2d 789, 793–94 (5th Cir.1978)). Plaintiff easily meets

these criteria. *See Mkt Reps S.A. DE C.V. v. Standard Chartered Bank Int'l (Americas)*

*Ltd.*, No. 10-22963, 2013 WL 1289261, *2 (S.D. Fla. Mar. 28, 2013) (prevailing party

under Rule 54(d) "means the party who won at the trial level, whether or not that party

---

[12] The Court holds Plaintiff to his withdrawal as to attorneys' fees without comment on
the necessity of his doing so.

prevailed on all issues and regardless of the amount of damages awarded"). Therefore, Plaintiff will recover the objected-to $2,712.85 in costs associated with Mr. Fischer and Mr. Rosencranz.

Second, Defendants object to Plaintiff's request for $2,412.50, reflecting costs incurred in renting conference rooms for depositions. Defendants argue that those costs are not authorized under 28 U.S.C § 1920, and are therefore not taxable to Defendants (DE 179, p.7–8). In reply, Plaintiff has withdrawn his request for the $2,412.50 (DE 188, p.1, n.1). Plaintiff did not necessarily need to do so. In *Evans v. Books-A-Million*, the Eleventh Circuit considered, as an issue of apparent first impression, whether certain litigation expenses, though not taxable as costs under 28 U.S.C. § 1920, "may nonetheless be awarded as attorneys' fees under 29 U.S.C. § 1132(g)(1)." *Evans v. Books-A-Million*, No. 13-10054, 2014 WL 3882506, at *7 (11th Cir. Aug. 8, 2014). The court concluded, "it would appear that the definition of costs under § 1920 is not controlling" of awardable expenses under 29 U.S.C. § 1132(g)(1). *Id.* at *8. The court therefore held that "reasonable litigation expenses such as mediation, legal research, postage, and travel may be recovered under § 1132(g)(1) if it is the prevailing practice in the legal community to bill fee-paying clients separately for those expenses." *Id.* Because the district court in *Evans* had disallowed such expenses, but did not consider the prevailing practice in the legal community or the reasonableness of the expenses claimed, the Eleventh Circuit remanded on that issue. *Id.*

In light of *Evans*, this Court may consider whether costs incurred in renting conference rooms for depositions, though not taxable under 28 U.S.C. § 1920, are yet awardable as attorneys' fees under 29 U.S.C. § 1132(g)(1). *Cf. Air Turbine Tech., Inc. v. Atlas Copco AB*, 01-8288-CIV, 2008 WL 544731, at \*2 (S.D. Fla. Feb. 26, 2008) ("the Court will award $1,905.52 for the cost of conference rooms needed to take depositions, as these are necessary out-of-pocket costs associated with taking the depositions."). But *Evans* was decided after full briefing on the instant motions. The Court is unable to determine on the record before it both the prevailing practice in the legal community as to billing clients for the expenses claimed and the reasonableness of the expenses. Therefore, the Court holds Plaintiff to his withdrawal.

Accordingly, upon a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1. Plaintiff's Motion for Attorneys' Fees and Supporting Memorandum of Law (DE 183) be, and the same is, hereby **GRANTED IN PART**.

2. Plaintiff's Amended Motion for Taxation of Costs and Incorporated Memorandum of Law (DE 174) be, and the same is, hereby **GRANTED IN PART**.

3. Plaintiff is hereby awarded the total sum of **$563,266.38** in attorneys' fees.

4. From the total award of attorneys' fees, Podhurst Orseck, P.A., shall recover the sum of **$388,294.38**, representing the revised fees request for that firm of $420,338.75, minus the following deductions:

21

A. $1,800.00, reflecting the difference between Robert Visca's requested and reduced hourly rate;

B. $1,652.50, reflecting the difference between Alejandro Miyar's requested and reduced hourly rate;

C. $945.00, reflecting the difference between Zach Knoblock's requested and reduced hourly rate;

D. $900.00, reflecting fees expended relating to all cases;

E. $1,300.00, reflecting fees expended relating to Jeffrey Hooke;

F. $14,425.00, reflecting fees expended on clerical, non-legal work;

G. $3,097.50, reflecting excessive fees expended on researching the deadline for filing a motion for attorneys' fees; and

H. $7,924.375, reflecting two percent (2%) of the sum total after deductions A–G.

5. From the total award of attorneys' fees, Segall Gordich, P.A., shall recover the sum of **$174,972.00**, representing the revised fees request for that firm of $180,385.50, minus the following deductions:

A. $3,928.50, reflecting fees expended on administrative proceedings; and

B. $1,485.00, reflecting fees expended on clerical, non-legal work.

6. Plaintiff is hereby awarded the total sum of **$12,264.77** in costs, representing the costs claimed of $14,677.27, minus $2,412.50 in costs associated with renting conference rooms for depositions.

7. Post-judgment interest on the award of costs shall accrue, pursuant to 28 U.S.C. § 1961, at the statutory rate from August 13, 2013, the date of the Final Judgment on the merits in this action. Post-judgment interest on the award of attorneys' fees shall accrue, pursuant to 28 U.S.C. § 1961, at the statutory rate from the date of the Final Judgment that will issue pursuant to this Order.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 25th day of September, 2014.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:    All Counsel of Record
       Magistrate Judge Chris M. McAliley

23